FILED
United States Court of Appeals
Tenth Circuit

May 18, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO DEVONNE WASHINGTON,
SR.,

Defendant - Appellant.

No. 14-2202
(D. New Mexico)
(D.C. Nos. 1:13-CV-00966-RB-LAM
and 2:10-CR-03160-RB-2)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MATHESON**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

Mario Washington, a federal prisoner, seeks to appeal the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

The matter is before this court on Washington's request for a certificate of

appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be

taken from a "final order in a proceeding under section 2255" unless the movant

first obtains a COA). Because Washington has not "made a substantial showing

of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal.[1]  *Id*. § 2253(c)(2).

Washington was charged in a multi-count indictment with crimes relating to the distribution of illegal drugs.  After Washington's motion to suppress evidence was denied in part, he entered into a written plea agreement with the Government, agreeing to plead guilty to the charge of conspiracy to possess with the intent to distribute marijuana.  The plea agreement also contained a waiver of Washington's right to directly appeal or collaterally attack his conviction and sentence except on the issue of ineffective assistance of counsel in negotiating or entering into the plea or waiver.[2]

Notwithstanding the waiver, Washington filed the instant § 2255 motion raising a challenge to his sentence, a due process claim based on "outrageous government conduct," and multiple claims of ineffective assistance of counsel. The district court concluded Washington's claims fell within the scope of the waiver, and Washington knowingly and voluntarily entered into the plea agreement and waiver.  *See United States v. Hahn*, 359 F.3d 1315, 1325-27 (10th Cir. 2004).  The district court acknowledged Washington's § 2255 motion could

---

[1]Washington's motion to proceed in forma pauperis on appeal is **granted**.

[2]Washington was also permitted to appeal the denial of his motion to suppress as to a cellular telephone.  On direct appeal, this court affirmed the denial of that motion. *United States v. Washington*, 536 F. App'x 810, 812 (10th Cir. 2013).

be read to contain a challenge to the validity of the plea agreement based on the ineffective assistance of counsel in connection with its negotiation. *See Hahn*, 359 F.3d at 1327 (holding enforcing a waiver will result in a miscarriage of justice if "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The court rejected this claim on the merits. Accordingly, the district court enforced the waiver and denied Washington's § 2255 motion. The court also denied Washington's request to amend his § 2255 motion to add a claim relating to the search of his cellular telephone and Washington's two motions to dismiss his underlying criminal case, concluding the claims asserted in all three motions fell within the scope of the waiver.

This court cannot reach the merits of Washington's appeal unless we first grant him a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Washington must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Washington has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his

claims. *Id.* at 338. Although Washington need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Washington's application for a COA and appellate filings, the magistrate judge's recommendation, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Washington is not entitled to a COA. The district court's resolution of Washington's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Washington's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge